L. H. GARDNER & CO. v. C. E. BROUSSARD & CO.

1. While it is the business of the party bringing up the record to see that it contains a statement of facts, it is also the duty of the party against whom the appeal is taken to see that the record is complete, but the Supreme Court may reverse or affirm a judgment without a statement of facts.

2. A sale of a stock of goods made to a creditor in payment of a debt is not void because the evidence of such indebtedness is not surrendered, although such fact may be considered by the jury in determining whether the sale be *bona fide* or not.

APPEAL from Johnson.    Tried below before the Hon. Charles Soward.

This suit was brought June 17, 1871, by Broussard & Co. against Collins & Campbell, on a note for $672, dated September 5, 1870.    Attachment was issued same day and levied on the property of Collins & Campbell, including a stock of goods.    At the August term, 1871, L. H. Gardner & Co. intervened, claiming the property levied on, by purchase from Collins & Campbell June 13, 1871.

On the trial the court, at the request of the defendants, instructed the jury:

"That in considering the question as to whether there was a sale and transfer of the goods in question by defendants to the intervenors, they will decide from the evidence whether the debts owing by defendants to the intervenors prior to the transaction were canceled and discharged to the value of the goods; and if they find that the goods did not discharge the debts *pro tanto*, they will find that there was no such sale as passed the title to the goods."

Verdict and judgment for plaintiffs, and intervenors appealed.

*Chandler, Carleton & Robertson*, for appellants, cited the following authorities: Harlan v. Haynie, 9 Texas, 461; Kelso v. Townsend, 13 Texas, 140; Green v. Hill, 4 Texas, 465; Ector v. Wiggins, 30 Texas, 57; Word v. Bledsoe, 32 Texas, 251; Chandler v. Meckling, 22 Texas, 41.

*A. Bradshaw*, for appellees.

WALKER, J.—Counsel for the appellees insist on dismissing the appeal in this case for the want of a statement of facts.

It is very true the business of the party bringing up the

record to see that it contained a statement of the facts, but it is also the duty of the party against whom the appeal is taken to see that the record is complete.

Without a statement of facts, we may, nevertheless, affirm the judgment, or we may reverse it; but there are other difficulties arising in this case. There is a bill of exceptions not signed by the court, and yet the charge of the court, as asked by Collins & Campbell, is erroneous, and was calculated to mislead the jury. The sale of the goods might have been complete, though the evidences of the debt they were intended to pay were not at the time surrendered; and the court should not have pronounced the sale void on this account, though the fact of the vendees retaining these claims in their hands after the sale of the goods was a circumstance which the jury might have considered in determining whether the sale was *bona fide* or not.

Touching the matter of the statement of facts, there is an agreement filed in this court on the twenty-second day of February, 1873, with the evidence of Collins, which clearly establishes the fact that both parties considered that there was a statement of facts in the record, and agreed to regard it as such; and yet the signature of the judge to the approval of this statement is shown by the record not to have been made during the term at which the cause was tried.

For the reasons given, and indulging the hope that should this case ever come back to this court it may come upon a more perfect record, we reverse and remand the case.

REVERSED AND REMANDED.